IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY HAYNES,
    Petitioner,

v.                                 Case No. 3:05cv323/LAC/MD

STATE OF FLORIDA,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

In this habeas action, petitioner challenges his conviction of Driving Under the Influence of Alcohol or Drugs, which was entered in the Circuit Court of Escambia County, Florida on December 5, 2001, in Case Number 2001 MM 026864. (Doc. 1, p. 1). Petitioner's conviction resulted in a sentence of one year probation.[1] Petitioner acknowledges on the petition form that he previously filed a § 2254 petition regarding the validity of this conviction.[2]

---

[1] Petitioner declines to indicate the length of his sentence on the petition form. However, the court takes judicial notice of its own records in *Haynes v. State*, Case Number 3:04cv428/MCR/MD, a § 2254 proceeding in which petitioner challenged the same conviction he challenges here. In his amended petition filed in that case, petitioner stated that his conviction resulted in one year of probation. (*See Haynes v. State*, Case Number 3:04cv428/MCR/MD at Doc. 7, p. 1 and Attach., Doc. 5, Ex. 1, and Doc. 1, Attach.). That case was dismissed on January 6, 2005 for lack of jurisdiction because petitioner failed to meet the "in custody" requirement for federal habeas corpus jurisdiction. (*Id.*, Docs. 8 & 11). Specifically, the court found that petitioner's one-year sentence of probation imposed on December 5, 2001 terminated on December 10, 2002. (*Id.*).

[2] When asked on the petition form if he previously filed a § 2254 petition or other pleading regarding the validity of his state court confinement in any federal court, petitioner checked the box marked "Yes." (Doc. 1, p. 3). When directed to identify the court, case number and result, petitioner

The court's independent investigation reveals that petitioner has filed at least <u>two</u> other § 2254 petitions challenging the same conviction as that challenged here. Upon review of the file, the Clerk has advised, and this court may take judicial notice, that in December of 2004 petitioner filed in this court a § 2254 petition for habeas corpus relief challenging the same conviction. (*See Haynes v. State of Florida*, Case Number 3:04cv428/MCR/MD). That case was dismissed on January 6, 2005 for lack of jurisdiction. (*Id.*, Docs. 8 & 11). Petitioner's appeal in that case was dismissed by the Eleventh Circuit Court of Appeals on February 11, 2005 for lack of jurisdiction. (*Id.*, Doc. 31). Six days later, on February 17, 2005 petitioner filed in this court another § 2254 petition challenging the same conviction. (*See Haynes v. State of Florida*, Case Number 3:05cv49/RV/MD). That petition was dismissed on March 8, 2005 as an impermissible second or successive petition. (Id., Docs. 5 & 7). The Eleventh Circuit Court of Appeals denied petitioner's request for certificate of appealability on June 29, 2005, noting that the § 2254 petition was "plainly impermissibly second or successive." (*Id.*, Doc. 29). The instant petition, filed on August 18, 2005, is also plainly a second or successive habeas corpus application.

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (rev. ed. 2004); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *See Fugate v. Dep't of Corrections*, 310 F.3d 1287, 1288 (11th Cir.)*, cert. denied*, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002). For this reason, this case will be dismissed without prejudice to allow

---

indicated as follows: "Court of Appeals 11th Cir Case No. 05-11611, denied Jun[e] 29, 2005." The court's records reveal that that appeal was from an order of this court issued in the case of *Haynes v. State of Florida*, Case Number 3:05cv49/RV/MD. The order dismissed petitioner's § 2254 application attacking the same conviction as an unauthorized second or successive petition. *Id.*, Doc. 7.

petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

    Accordingly, it is respectfully RECOMMENDED:

    That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

    At Pensacola, Florida this 23rd day of August, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**